Alexandra Wilson
Wilson Immigration
2151 Salvio Street, Suite 205, Concord, CA 94520
Telephone: 415-527-5886
Email: alexandra@wilsonimmigration.org
Pro Se

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

Division: ☒ **San Francisco** ☐ **Oakland** ☐ **San Jose** ☐ **Eureka-McKinleyville**

ALEXANDRA WILSON,

Plaintiff,

vs.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

Defendant.

Case No.: ______________________

**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT FOR DECLARATORY AND INJUNCTIVE RELIEF**

JUDGE: HON.

## INTRODUCTION

1. Plaintiff Alexandra Wilson ("Plaintiff" or "Attorney Wilson"), on behalf of her clients HG, KCE, VMC, GAS, SAV, YSM, DMM, and LH, submitted a Freedom of Information Act ("FOIA") request for each of the aforementioned clients to Defendant United States Citizenship and Immigration Services ("USCIS") for records concerning her clients' immigration history. USCIS responded that either no records exist, or with a production of incomplete records or improperly withheld records. Plaintiff timely appealed each request, and USCIS has failed to respond. Plaintiff brings this action under 5 U.S.C. § 552.

2. In order to competently and adequately represent her clients, Attorney Wilson routinely files FOIA requests for individuals' case files (known as the Alien Registration File or "A-File") with

Defendant USCIS.

3. A fundamental aspect of Attorney Wilson's representation of her clients is to obtain any existing immigration-related records through FOIA requests to USCIS.

4. [To the extent you have this information readily available, it would be good to have a paragraph here explaining approximately how many A-file requests you've FOIA'd since 2024 through the end of 2025.]

5. USCIS is a component of the U.S. Department of Homeland Security ("DHS") and has custody of the vast majority of individuals' A-File records, including those records sought by Plaintiff.

6. As detailed on USCIS's FOIA website, under FOIA and the Privacy Act, individuals and their counsel can request:

- "Your own immigration records;
- Someone else's immigration records, if you have their written permission; and
- Agency policies, data, communications, and other records."

FOIA requests are primarily submitted online through USCIS's electronic platform.

7. A-Files contain critical information regarding a noncitizen's eligibility to apply for an immigration status or benefit as well as information often necessary to their representation in removal proceedings. Submitting a FOIA to USCIS for the A-File is one of the sole, if not only, means of obtaining these critical records.

8. In 2020, the Northern District of California issued a permanent injunction for a nationwide class of individuals and their attorneys ordering the USCIS and DHS to cease violating FOIA's deadlines for adjudicating requests for A-Files, to eliminate USCIS's backlogs, and to provide quarterly compliance reports to the court and class counsel. *See Nightingale v. U.S. Citizenship & Immigr. Servs.*, 507 F.Supp. 3d 1193 (N.D. Cal. 2020). USCIS admitted that it had not complied with FOIA's deadlines regarding A-Files for at least eight years. *Id.* at 1196.

9. Regarding the essential nature of FOIA's importance in providing the contents of A-files and USCIS noncompliance with FOIA, the Court in Nightingale found:

> This noncompliance has real life consequences. Defendants serve as custodians of A-Files, prosecutors in removal proceedings, and adjudicators of applications for immigration benefits. Their delay in processing A-File FOIA requests deprives plaintiffs of the information they need to defend against removal, to obtain benefits, and to gain citizenship. It undermines the fairness of immigration proceedings, particularly for the vast number of noncitizens who navigate our immigration system without the assistance of counsel.

*Id.* Elsewhere, the Court discussed the necessity of noncitizens' access to A-Files, which "include critical information about past interactions between individual and DHS; records of prior entries, admissions, or removal orders; records of past statements; and records of past applications filed by the noncitizen or on the noncitizen's behalf." *Id*. at 1198.

10. The Court also found that "there is no adequate substitute for the information contained in an A-File and FOIA is the primary, if not the only, mechanism for accessing A-Files." Id. at 1199.

11. USCIS unlawful withholdings in response to Plaintiff's FOIA requests put Plaintiff and her clients in an untenable position as it forces them to decide the next step in the legal process in the dark.

12. Plaintiff and her clients are not alone and are a symptom of an intentionally designed method of violating FOIA by USCIS. On December 19, 2025, plaintiff's counsel in Nightingale filed a whistleblower report brought to light USCIS's violations of FOIA, the regulations, and Nightingale's Court Order.[1] The Whistleblower Disclosure illuminates efforts by the agency leadership to "manufacture compliance" with the court's order in Nightingale.

13. The report details USCIS multiple rounds of policy changes that "result in closing requests prematurely for reasons not permitted by statute . . . ." *See id.* at 5. This included policies instructing USCIS staff to close requests from Cuban nationals as "no records,"; "redacting entire forms from immigration A-files citing (b)(6) and (b)(7) privacy and law enforcement exemptions,

[1] *See Nightingale v. U.S. Citizenship and Immigration Services*, 3:19-cv-03512, ECF No. 193, 193-1 (N.D. Cal. Dec 19, 2025).

even though the withheld information was initially provided to DHS by the noncitizen"; withholding any correspondence "that is not directly to or from the requester, even correspondence sent by or their attorney from USCIS"; "inappropriately designat[ing] certain documents certain documents as 'out of scope,'" including documents provided by the noncitizen in the language of their country of origin; and redacting documents such as joint tax returns, utility bills, marriages/divorce certificates, or marked as "out of scope." *See id.* at 5-6.

14. The Whistleblower Report also disclosed that Management at USCIS "sent emails demonstrating their motive to find ways to maximize case closure as a means to reduce the FOIA backlog." *See id.* at 6. One email from a supervisor on the FOIA policy team stated, "[h]ere's a way to close 99% of FOIA requests as failure to comply," citing a 2022 regulatory change that was never implemented on USCIS's FOIA request form, thereby making compliance with the regulation *impossible*. *Id.* at 6-7.

15. Plaintiff therefore seeks declaratory and injunctive relief to end USCIS's unlawful practices of arbitrarily and unlawfully withholding records and unlawfully denying her requests for A-Files on behalf of her clients.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this matter pursuant to 5 U.S.C. §§ 552(a)(4)(B), (6)(C)(i) and 28 U.S.C. § 1331. Plaintiff's request for declaratory and other relief is properly subject to this Court's subject-matter jurisdiction pursuant to 5 U.S.C. §§ 552(a)(4)(F), 701-06 and 28 U.S.C. §§ 1331, 2201(a), and 2202.

17. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(b)(1), (b)(2), and (e)(1) as Plaintiff has her principal place of business in this District and resides in this district.

## PARTIES

18. Plaintiff Alexandra Wilson is an attorney in Concord, CA, who submitted the FOIA request on behalf of her clients.

19. Defendant USCIS is a component agency of the Department of Homeland Security ("DHS") and an agency of the United States under 5 U.S.C. § 552(f)(1). Among other duties, USCIS

is responsible for administering and adjudicating immigration benefits and maintaining records relating to individuals' immigration histories, including A-files and related records. USCIS has responsive records in its possession, custody, and control. Defendant is charged with the duty to provide public access to such records consistent with the requirements of FOIA.

20. Plaintiff has constructively exhausted all administrative remedies in connection with her FOIA requests, as detailed below.

21. Because Plaintiff brings this action after constructively exhausting administrative remedies, this Court's jurisdiction is based on 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552(a)(6)(C)(i).

22. Under FOIA, this Court may retain jurisdiction to allow Defendant additional time to complete the processing of Plaintiff's FOIA requests if, and only if, the government can demonstrate that exceptional circumstances exist and their due diligence in responses to Plaintiff's requests. Because Defendant can demonstrate neither, this Court has jurisdiction to declare unlawful the agencies' withholdings and order immediate production of records unlawfully withheld.

## STATEMENT OF FACTS

23. On September 29, 2025, Plaintiff submitted a FOIA request to USCIS seeking records relating to her client HG's immigration history. The FOIA request complied with USCIS's FOIA requirements.

24. On October 02, 2025, USCIS acknowledged receipt of Plaintiff's FOIA request and assigned it control number NRC2025450166. The agency's acknowledgment is attached as Exhibit A.

25. In its acknowledgment, USCIS issued a determination stating DHS's regulations require verification of identity and certification of agreement to release information from the Plaintiff before a disclosure of information can be made.

26. On October 21, 2025, Plaintiff timely submitted an administrative appeal assigned the control number APP2026007572, challenging USCIS's determination. Proof of submission of the appeal is attached as Exhibit B. To date, USCIS has not made a determination of Plaintiff's appeal.

27. On February 6, 2026, Plaintiff submitted a second FOIA request to USCIS seeking records relating to HG's immigration history.

28. On February 10, 2026, USCIS acknowledged receipt of Plaintiff's FOIA request and assigned it control number NRC2026054187. The agency's acknowledgment is attached as Exhibit C.

29. On February 19, 2026, USCIS denied Plaintiff's FOIA request in its entirety pursuant to 5 U.S.C. § 552(b)(6). The agency's denial is attached as Exhibit D.

30. On February 26, 2026, Plaintiff submitted a third FOIA request to USCIS seeking records relating to HG's immigration history. Plaintiff included Certification of Identity (DOJ-361) together with a written statement from Plaintiff's client stating his full name, date of birth, current physical address, A number, and authorization to disclose his records to Plaintiff, signed under penalty of perjury.

31. On March 2, 2026, USCIS acknowledged receipt of Plaintiff's FOIA request and assigned it control number NRC2026084071. The agency's acknowledgment is attached as Exhibit E.

32. On March 12, 2026, USCIS administratively closed the request due to failure to comply with the complete verification of identity information, indicating the subject of record's current physical address was not provided. The agency's response is attached as Exhibit F.

33. On October 7, 2025, Plaintiff submitted a FOIA request to USCIS seeking records relating to her client KCE's immigration history.

34. On October 9, 2025, USCIS acknowledged receipt of Plaintiff's FOIA request for KCE and assigned it control number NRC2025463237. The agency's acknowledgment is attached as Exhibit G.

35. In its acknowledgment, USCIS issued a determination stating DHS's regulations require verification of identity and certification of agreement to release information from the Plaintiff before a disclosure of information can be made.

36. On October 27, 2025, Plaintiff timely submitted an administrative appeal of her FOIA regarding KCE and was assigned a control number APP2026007960, challenging USCIS's determination, including a complete Certification of Identity (DOJ-361). Proof of submission of the appeal is attached as Exhibit H.

37. On October 7, 2025, Plaintiff submitted a FOIA request to USCIS seeking records relating to her client VMC's immigration history.

38. On October 9, 2025, USCIS acknowledged receipt of Plaintiff's FOIA request for VMC's records and assigned it control number NRC2025463363. The agency's acknowledgment is attached as Exhibit I.

39. In its acknowledgment, USCIS issued a determination stating DHS's regulations require verification of identity and certification of agreement to release information from the Plaintiff before a disclosure of information can be made.

40. On November 04, 2025, Plaintiff timely submitted an administrative appeal assigned a control number APP2026008618, challenging USCIS's determination of her request for VMC's records, including verification of identity, which consists of a written statement from Plaintiff's client stating his full name, current address, and date and place of birth, signed under penalty of perjury. Proof of submission of the appeal is attached as Exhibit J.

41. On November 12, 2025, Plaintiff submitted a Freedom of Information Act ("FOIA") request to United States Citizenship and Immigration Services ("USCIS") seeking records relating to GAS's immigration history.

42. On November 17, 2025, USCIS acknowledged receipt of Plaintiff's FOIA request for her client GAS's immigration records and assigned it control number NRC2025517718. The agency's acknowledgment is attached as Exhibit K.

43. In its acknowledgment, USCIS issued a determination stating DHS's regulations require verification of identity from the Plaintiff before a disclosure of information can be made regarding GAS's records.

44. On November 18, 2025, Plaintiff timely submitted an administrative appeal and was assigned control number APP2026009561, challenging USCIS's determination regarding her FOIA request for GAS's immigration records. Proof of submission of the appeal is attached as Exhibit L.

45. On November 18, 2025, Plaintiff submitted a Freedom of Information Act ("FOIA") request to United States Citizenship and Immigration Services ("USCIS") seeking records relating to her client SAV's immigration history.

46. On November 21, 2025, USCIS acknowledged receipt of Plaintiff's FOIA request for SAV's records and assigned it control number NRC2025525773. The agency's acknowledgment is

attached as Exhibit M.

47. In its acknowledgment, USCIS issued a determination stating USCIS was unable to verify identity, due to multiple versions of required identity information (name, date of birth, country of birth, and address) in the request and supporting documentation for SAV's records.

48. On November 24, 2025, Plaintiff timely submitted an administrative appeal assigned as control number APP2026010032, challenging USCIS's determination of her FOIA request for SAV's immigration records. Proof of submission of the appeal is attached as Exhibit N.

49. On November 26, 2025, Plaintiff submitted a Freedom of Information Act ("FOIA") request to United States Citizenship and Immigration Services ("USCIS") seeking records relating to her client YSM's immigration history.

50. On December 03, 2025, USCIS acknowledged receipt of Plaintiff's FOIA request for YSM's immigration records and assigned it control number NRC2025538011. The agency's acknowledgment is attached as Exhibit O.

51. In its acknowledgment, USCIS issued a determination stating DHS's regulations require complete verification of identity from the Plaintiff before a disclosure of information can be made regarding YSM's records.

52. On January 07, 2026, Plaintiff timely submitted an administrative appeal and was assigned control number APP2026013403, challenging USCIS's determination regarding her FOIA request for YSM's records, and included a complete Certification of Identity (DOJ-361) for YSM. Proof of submission of the appeal is attached as Exhibit P.

53. On February 17, 2026, Plaintiff submitted a Freedom of Information Act ("FOIA") request to United States Citizenship and Immigration Services ("USCIS") seeking records relating to DMM's immigration history, specifically records, files, and documents relating to the Form I-130, Petition for Alien Relative. Plaintiff included Certification of Identity (DOJ-361) together with a written statement from Plaintiff's client stating his full name, date of birth, current physical address, A-number, and authorization to disclose his records to Plaintiff, signed under penalty of perjury.

54. On February 23, 2026, USCIS acknowledged receipt of Plaintiff's FOIA request for DMM's and assigned it control number SMP2026004149. The agency's acknowledgment is attached as Exhibit Q.

55. In its acknowledgment regarding DMM's records, USCIS invoked the "unusual circumstances" provision, extending the time to respond pursuant to 5 U.S.C. § 552(a)(6)(B). To date, USCIS has not made a determination on nor produced records regarding Plaintiff's request for DMM's records. **USCIS released only 12 redacted pages in part. Determined to release all information except those portions that are exempt pursuant to 5 U.S.C. § 552 (b)(6) and (b)(7)(E) of the FOIA.**

56. On February 26, 2026, Plaintiff submitted a Freedom of Information Act ("FOIA") request to United States Citizenship and Immigration Services ("USCIS") seeking records relating to LH's immigration history, specifically records, files, and documents relating to the Form I-130, Petition for Alien Relative. Plaintiff included Certification of Identity (DOJ-361) together with a written statement from Plaintiff's client stating his full name, date of birth, current physical address, A-number, and authorization to disclose his records to Plaintiff, signed under penalty of perjury. Attached as Exhibit R.

57. On March 02, 2026, USCIS acknowledged receipt of Plaintiff's FOIA request for LH's records and assigned it control number SMP2026005005. The agency's acknowledgment is attached as Exhibit S.

58. In its acknowledgment regarding LH's records, USCIS invoked the "unusual circumstances" provision, extending the time to respond pursuant to 5 U.S.C. § 552(a)(6)(B). To date, USCIS has not made a determination on nor produced responsive records for Plaintiff's request.

59. Since submitting administrative appeals with respect to the relevant requests, USCIS has failed to issue any determination on the appeals or otherwise respond to Plaintiff.

60. Under FOIA, an agency is required to make a determination on an administrative appeal within the time prescribed by statute. See 5 U.S.C. § 552(a)(6)(A)(ii).

61. USCIS's failure to respond to Plaintiff's administrative appeals within the statutory time limits constitutes a constructive denial of the appeals and exhaustion of administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

62. USCIS's determination that no records exist indicates that the agency failed to conduct a search reasonably calculated to uncover all responsive records and, therefore, USCIS is improperly

withholding records.

63. USCIS has failed to produce any responsive, non-exempt records to which Plaintiff is entitled under FOIA and therefore is improperly withholding records.

64. USCIS has failed to reasonably segregate non-exempt information with respect to Plaintiff's request and is therefore improperly withholding records.

## CAUSES OF ACTION

### COUNT ONE

### Violation of the Freedom of Information Act, 5 U.S.C. § 552 for Failure to Respond Within the Time Required by FOIA

65. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

66. Under the FOIA, Defendants were required to respond to Plaintiff's FOIA requests and to notify Plaintiff of the agency's determination within thirty working days after receiving the request. 5 U.S.C. § 552(a)(6)(A), (6)(B).

67. Defendants' failure to make the requisite determination and to communicate it to the Plaintiff within the time allowed by the statute violates the FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

### COUNT TWO

### Violation of the Freedom of Information Act, 5 U.S.C. § 552 for Failure to Conduct an Adequate Search

68. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

69. Defendants have violated their obligation under the FOIA by failing to make a reasonable effort to search for records responsive to Plaintiff's request. 5 U.S.C. § 552(a)(3)(C).

### COUNT THREE

### Violation of the Freedom of Information Act, 5 U.S.C. § 552 for Failure to Conduct an Adequate Search

70. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

71. Defendants are wrongly withholding agency records by failing to produce non-exempt records responsive to Plaintiff's FOIA request and by failing to segregate and produce non-exempt records responsive to Plaintiff's FOIA request.

72. Defendants are obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to the Plaintiff's FOIA request.

73. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendants' failure to disclose them.

74. Defendants' failure to disclose all responsive records violates their statutory obligations to make requested records promptly available to the public. 5 U.S.C. § 552(a).

**COUNT FOUR**
**Pattern and practice violations of time limits**

75. Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

76. Defendant has established a pattern and practice of violating FOIA's statutory time limits.

77. The "promptly available" requirement typically means "within days or a few weeks of a determination, not months or years." Sierra Club v. U.S. Env't Prot. Agency, 2018 WL 10419238, at *5 (N.D. Cal. Dec. 26, 2018) (quoting Citizens for Responsibility & Ethics in Washington v. Fed Election Comm'n, 711 F.3d 180, 188 (D.C. Cir. 2013) (internal quotation marks omitted)); Owen v. U.S. Immigr. & Customs Enf't, 2023 WL 9470904, at *6 (C.D. Cal. Jan. 12, 2023).

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Assume jurisdiction in this matter and maintain jurisdiction until Defendant complies with FOIA and every order of this Court;
2. Declare that Defendant's failure to make a timely determination with regard to Plaintiff's Request violates FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i) and (B);
3. Order Defendant to expeditiously conduct an adequate search for all records responsive to Plaintiff's FOIA Request in accordance with 5 U.S.C. § 552(a)(3)(C);

4. Declare that Defendant's failure to promptly disclose the records responsive to Plaintiff's Request violates FOIA, 5 U.S.C. § 552(a)(3)(A);
5. Order Defendant to expeditiously disclose all responsive, non-exempt records and enjoin Defendant from improperly withholding records;
6. Order Defendant to prepare an index pursuant to Vaugh v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), for any documents it seeks to withhold under a FOIA exemption;
7. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's requests;
8. Retain jurisdiction of this action to ensure that no agency records are improperly withheld;
9. Award Plaintiff attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and
10. Grant such other relief as the Court may deem just, equitable, and appropriate.

Respectfully submitted,

Date:

Signature:

Print name:

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

ALEXANDRA WILSON,

Plaintiff

s, v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES

Defendants.

Civil Action No.

**NOTICE OF APPEARANCE**

PLEASE TAKE NOTICE that I, Alexandra Wilson, hereby respectfully enter my appearance on behalf of Plaintiff Alexandra Wilson in the above-captioned action and request copies of all papers in this action be served upon me at the address stated below.

I certify that I am admitted to practice in this Court.

Dated:

Respectfully Submitted,

By: */s/ Alexandra Wilson*
Alexandra Wilson
Wilson Immigration
2151 Salvio Street
Suite 205
Concord, CA 94520
415-527-5886
alexandra@wilsonimmigration.org

Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

ALEXANDRA WILSON
*Plaintiff*

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES
*Defendant*

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *United States Citizenship and Immigration Services*
*Attn: Office of the Chief Counsel*
*5900 Capital Gateway Drive*
*Camp Springs, MD 20588-0009*

A lawsuit has been filed against you.

Within 30 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Alexandra Wilson
Wilson Immigration
2151 Salvio Street
Suite 205
Concord, CA 94520

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*ANGELA D. CAESAR, CLERK OF COURT*

Date: ____________________

______________________________
*Signature of Clerk or Deputy Clerk*

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

ALEXANDRA WILSON )
*Plaintiff* )
)
v. ) Civil Action No.
UNITED STATES CITIZENSHIP AND IMMIGRATION )
SERVICES )
)
*Defendant* )

**SUMMONS IN A CIVIL ACTION**

To: Civil Process Clerk
United States Attorney's Office
Northern District of California
450 Golden Gate Avenue
P.O. Box 36055
San Francisco, CA 94102-3661

A lawsuit has been filed against you.

Within 30 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Alexandra Wilson
Wilson Immigration
2151 Salvio Street
Suite 205
Concord, CA 94520

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*ANGELA D. CAESAR, CLERK OF COURT*

Date: ___________________

_______________________________
*Signature of Clerk or Deputy Clerk*

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

ALEXANDRA WILSON
______________________________ )
*Plaintiff* )
)
v. ) Civil Action No.
UNITED STATES CITIZENSHIP AND IMMIGRATION )
SERVICES )
______________________________ )
*Defendant* )

**SUMMONS IN A CIVIL ACTION**

To: Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

A lawsuit has been filed against you.

Within 30 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Alexandra Wilson
Wilson Immigration
2151 Salvio Street
Suite 205
Concord, CA 94520

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*ANGELA D. CAESAR, CLERK OF COURT*

Date: __________________ ______________________________
*Signature of Clerk or Deputy Clerk*

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALEXANDRA WILSON,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES<br><br>Defendants. | Case No.<br><br>**AFFIDAVIT OF SERVICE** |

I, Alexandra Wilson, hereby declare that, pursuant to Federal Rule of Civil Procedure 4(i), on *May 05, 2026*, I caused to be deposited in the United States mail a copy of the issued Summons, the Complaint with Exhibits *list exhibit letters* in the above captioned case, postage prepaid, certified return receipt requested, addressed to the defendants, the Attorney General and the Civil Process Clerk for the U.S. Attorney for the Northern District of California at the following addresses:

United States Citizenship and Immigration Services
Attn: Office of the Chief Counsel
5900 Capital Gateway Drive
Camp Springs, MD 20588-0009

Civil Process Clerk
United States Attorney's Office
Northern District of California
450 Golden Gate Avenue
P.O. Box 36055
San Francisco, CA 94102-3661

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Confirmation of delivery upon Defendants and receipt of these documents accompanies this affidavit, marked as Exhibit A.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this __day of [month], [year] .

*/s/ Alexandra Wilson*
Alexandra Wilson
Wilson Immigration
2151 Salvio Street
Suite 205
Concord, CA 94520
415-527-5886
alexandra@wilsonimmigration.org
Counsel for Plaintiff