CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
SARAH E. BALKISSOON (CABN 327066)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6474
Facsimile: (415) 436-6748
sarah.balkissoon@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEXANDRA WILSON,<br><br>Plaintiff,<br><br>v.<br>USCIS,<br><br>Defendant. | Case No. 3:26-cv-04831-SK<br><br>**DEFENDANT'S REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS COMPLAINT**<br><br>Date: October 5, 2026<br>Time: 9:30 a.m.<br>Location: Zoom<br><br>The Honorable Sallie Kim |

## I. INTRODUCTION

Plaintiff raises three principal arguments against dismissal, all of which fail. First, Plaintiff argues she complied with agency regulations, because a law firm's address satisfies the "current address" requirement. This argument fails because Plaintiff did not provide her law firm address on the Certification of Identify forms for Requests NRC2025450166, NRC2025463237, NRC2025463363, NRC2025517718, and NRC2025538011 (the "Invalid Requests"). She wrote "Confidential" and did not provide *any* address.

Second, Plaintiff argues that she exhausted administrative remedies because she appealed the denial of the Invalid Requests. But exhaustion requires more than appealing an agency denial. Exhaustion first requires Plaintiff to submit a valid FOIA request that complies with agency regulations. Plaintiff failed to do that here.

Third, Plaintiff claims that DHS has not complied with the *Nightingale* inunction. This argument should be dismissed as irrelevant. The Invalid Requests should be dismissed.

## II. ARGUMENT

### A. Plaintiff Provided *No* Address for Certification of Identity

Plaintiff has not met the current address requirement, because Plaintiff provided no address on the Certification of Identity. Plaintiff does not dispute that agency regulations require a "current address." Opp. at 5. Rather, Plaintiff claims the Invalid Requests met the "current address" requirement, because Plaintiff provided "the law firm's address in lieu of the subject-of-record's residential address." Opp. at 5, 8 ("current address" should be construed to mean "mailing address," "email address," or some other address to verify identity)[1]. This is incorrect. Plaintiff did not provide any address on the Certification of Identity forms for the Invalid Requests. *See* Motion to Dismiss Ex. A at 6 ("Current Address Confidential"), Ex. B at 6 ("Current Address Confidential"), Ex. C at 6 ("Current Address Confidential"), Ex. D at 6 ("Current Address Confidential"), Ex. E at 6 ("Current Address Confidential").

To the extent Plaintiff claims her law firm address should have been provided, it was not, and it

[1] There is no reason for the Court to decide the meaning of "current address," because Plaintiff did not provide any address on the Certification.

is not the agency's duty to guess the proper address. By failing to provide an address on the Certification of Identity form, Plaintiff deprived the agency of the opportunity to analyze the requests in the first instance. Plaintiff has failed to exhaust administrative remedies.

### B. Exhaustion Requires Compliance with Agency Regulations, Not Merely Appeal

Plaintiff argues that she has necessarily exhausted administrative remedies, because she appealed the Invalid Requests. Opp. at 7. But appeal isn't the only requirement. Courts have found failure to exhaust when other regulatory requirements are not met. *See, e.g.*, *Facebook, Inc. v. Internal Revenue Serv.*, 3:16-cv-05884-LB, 2017 WL 2630086, *7-8 (N.D. Cal. June 19, 2017) (failure to exhaust for failing to specify document format); *Lee v. United States DOJ*, 235 F.R.D. 274, 286 (W.D. Pa. 2006) (failure to exhaust when the plaintiff did not provide full name or place of birth).

### C. Plaintiff's *Nightingale* Arguments Are Irrelevant

Defendant disputes Plaintiff's representations related to DHS's compliance with the *Nightingale* injunction. *See* Opp. at 3-5. However, DHS's compliance with *Nightingale* does not bear on Plaintiff's failure to comply with agency regulations in this case. Thus, Plaintiff's arguments related to *Nightingale* should be rejected as irrelevant.

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss FOIA requests NRC2025450166, NRC2025463237, NRC2025463363, NRC2025517718, and NRC2025538011 for failure to exhaust administrative remedies.

DATED: September 9, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Sarah E. Balkissoon*
SARAH E. BALKISSOON
Assistant United States Attorney

Attorneys for Defendant