UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALEXANDRA WILSON,
Plaintiff,

v.

USCIS,
Defendant.

Case No. 26-cv-04831-SK

**ORDER ON MOTION TO DISMISS AND STIPULATION REGARD CASE MANAGEMENT CONFERENCE**

Regarding Docket Nos. 19, 28

This matter comes before the Court upon consideration of the motion to dismiss filed by Defendant United States Citizenship and Immigration Services USCIS ("Defendant"). Having carefully considered the parties' papers, relevant legal authority, the record in the case, and having had the benefit of oral argument, the Court hereby DENIES Defendant's motion for the reasons set forth below.

Plaintiff Alexandra Wilson ("Plaintiff") is an attorney who, on behalf of her clients, submitted requests under the Freedom of Information Act ("FOIA") for her clients to obtain their immigration histories. (Dkt. No. 1 (Complaint) at ¶ 1.) Defendant moves to dismiss some, but not all, of Plaintiff's FOIA requests. Defendant argues that, for five of the ten of the FOIA requests at issue in this case, Plaintiff failed to exhaust administrative remedies because Plaintiff failed to provide the current addresses for the individuals seeking information. In its motion, Defendant argues that Plaintiff was required to provide the addresses of the Subject seeking information under the FOIA requests. (Dkt. No. 19 (Mot. to Dismiss).) The "Subjects" are the Plaintiff's clients on behalf of whom Plaintiff is seeking their immigration history in these FOIA requests. (*Id.* at p. 3.)

To support its position that the FOIA requests at issue are insufficient, Defendant points to 6 C.F.R. § 5.3(a)(3) and 6 C.F.R. § 5.21(e), which provide in pertinent part:

United States District Court
Northern District of California

United States District Court
Northern District of California

> A requester who is making a request for records about him or herself must comply with the verification of identity provision set forth in subpart B of this part."

6 C.F.R. § 5.3(a)(3).

> Verification of identity. When an individual makes a request for access to their own records, their identity must be verified. The individual must provide their full name, current address, date and place of birth, and country of citizenship or residency. The individual must sign the request and provide a signature that must either be notarized or submitted by the requester under 28 U.S.C. 1746, a law that permits statements to be made under penalty of perjury, as a substitute for notarization."

6 C.F.R. § 5.21(e).

In the section, Verification of Identity and Subject of Record Consent, of the FOIA requests at issue, the form seeks the mailing address. (Dkt. Nos. 19-2, 19-3, 19-4, 19-5, 19-6 (emphasis added).) In the FOIA requests at issue here that Plaintiff submitted, Plaintiff provided her address as the address for her clients. (Dkt. Nos. 19-2, 19-3, 19-4, 19-5, 19-6.) At the hearing, Defendant clarified that providing an attorney's address would be sufficient but then shifted its argument. Defendant argued that the five FOIA requests at issue here were insufficient because the attorney's address was not provided under penalty of perjury. However, each of the FOIA requests did provide a signature under penalty of perjury. (Dkt. Nos. 19-2, 19-3, 19-4, 19-5, 19-6.) In addition, there is no dispute that Defendant has the information it contends that it needs to respond to these FOIA requests. Therefore, the Court DENIES the motion to dismiss.

The Court FURTHER ORDERS that the stipulation to continue the initial case management conference is GRANTED. The Court CONTINUES the case management conference to November 2, 2026.

**IT IS SO ORDERED**.

Dated: October 13, 2026

SALLIE KIM
United States Magistrate Judge